Brewer *vs.* Broadfield.

---

WILLIAM H. BREWER, plaintiff in error, *vs.* JAMES M. BROADFIELD, defendant in error.

(BY TWO JUDGES.)  1. Upon a motion to dismiss a suit for the want of the affidavit required by the Relief Act of 1870, it is not error in the Court to hear and pass upon the evidence offered in support of the motion, especially where no objection is made at the time.
2. No allegations in the declaration, which, if true, would excuse the payment of taxes under the Relief Act of 1870, will dispense with the affidavit required by the Act, unless sworn to.  20th February, 1872.

Relief Act of 1870. Tax. Before Judge CLARK. Sumter Superior Court. October Term, 1871.

This was complaint by Brewer, as agent of Kapp & Daun, upon two notes made by Broadfield in 1862, at Americus, Georgia, payable to Kapp & Daun, or bearer. The case was dismissed under the circumstances stated in the opinion. That dismissal is assigned as error.

HAWKINS & GUERRY, for plaintiff in error.

C. T. GOODE, for defendant.

McCAY, Judge.

This was an action on a promissory note, dated before June, 1865, originally brought in the name of "William H. Brewer, agent." Plaintiff amended his declaration, by inserting, after the word agent, the following words: "for Kapp & Daun, who sue for the use of Jacob Kapp, a citizen of the State of New York."

After the amendment had been allowed, defendant moved to dismiss the action on the ground that the tax affidavit required by the Act of 1870 had not been filed. Defendant proved by a witness introduced, that Kapp left the State in 1863; that he had seen him since the war in New York; that Daun, one of the firm of Kapp & Daun, lived, and had lived all the while in Atlanta, Georgia. Whereupon, the Court dismissed the case without referring it to a jury. No objection was made by the plaintiff, at the time, to the Court's passing upon the question as to whether the case was such an one as required the tax affidavit to be filed. No proof was made that the paper belonged to Kapp, or that the partnership had been dissolved. The plaintiff excepted to the ruling of the Court on two grounds: 1st. Because the Court erred in determining to hear and pass judgment on the question presented by the motion to dismiss, and the evidence introduced in support thereof. 2d. Because the Court erred in dismissing the case at all.

If the plaintiff desired a jury, he could have obtained one by asking for it. If allegations in the declaration are held as a sufficient substitute, without proof of their truth, for the affidavit required by the Act, the law is nugatory.

We affirm the judgment.